IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

EMPLOYERS & CEMENT MASONS #90
HEALTH & WELFARE FUND, by and through
its Board of Trustees,

and

EMPLOYERS AND CEMENT MASONS #90
PENSION FUND, by and through is Board
of Trustees,

Plaintiffs,

v.     No. 15-0934-DRH

FOURNIE CONTRACTING COMPANY,

Defendant.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### Introduction and Background

Pending before the Court is defendant's December 29, 2017 motion for relief from Order filed May 4, 2017, Order filed June 20, 2017 and Clerk's Judgment filed June 21, 2017 pursuant to Rule 60(b)(1) and (6) (Doc. 42). Specifically, defendant maintains that these orders should be vacated that because the email address of defendant's attorney, B. Jay Dowling, was incorrectly inputted into the CM/ECF system, and as a result neither B. Jay Dowling nor Fournie Contracting Company received notice of the filings. On January 2, 2018, the Court entered an Order noting that the Clerk's office admitted to making the mistake regarding the

wrong email address and directed plaintiffs to file a response to the motion on or before January 9, 2018 (Doc. 43). Plaintiffs did file a response opposing the motion (Doc. 44). Based on the following, the Court **GRANTS** the motion.

On August 21, 2015, plaintiffs filed suit against defendant to collect delinquent contributions and liquidated damages based on the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1002 et seq. ("ERISA") (Doc. 1). According to the complaint, plaintiffs are employee benefit funds which are administered pursuant to the terms and provisions of certain trust agreements and maintained in accordance with the provisions of the Labor Management Relations Act of 1947 and ERISA. Plaintiffs provide retirement and health & welfare benefits to the employees of participating employers who pay fringe benefit contributions to plaintiffs on behalf of their employees pursuant to a Collective Bargaining Agreement. Defendant is an employer engaged in an industry within the meaning of the provisions of ERISA and employs individuals who are members of and represented by the Cement Masons Local #90. Fournie Contracting Company is bound by the terms of a Collective Bargaining Agreement with Local # 90 and is obligated to pay fringe benefit contributions to plaintiffs on behalf of its employees. On February 19, 2016, Fournie Contracting Company filed its answer to the complaint (Doc. 6).

On July 27, 2016, attorney B. Jay Dowling filed a motion to substitute attorney (Doc. 21). In that motion, Mr. Dowling moved to substitute his former law firm, the Law Office of Sterling and Dowling, P.C., for himself and the law firm

of Clayborne Sabo and Wagner, LLP. The motion to substitute contained a new email address for Mr. Dowling of jdowling@cswlawllp.com. That same day, the Court granted the motion to substitute (Doc. 22). The email address inputted into the CM/ECF system for Mr. Dowling was jaydowling@cswlawllp.com. Thereafter, Magistrate Judge Wilkerson held two status conferences on August 2, 2016 (Doc. 24) and on November 11, 2016 (Doc. 28) in which Mr. Dowling participated. Subsequently, on March 10, 2017, plaintiffs filed a motion to extend the dispositive motion deadline and indicated that plaintiff's counsel conferred with defendant's counsel and that defendant did not object (Doc. 32). That same day, the Court granted the motion and extended the dispositive motion deadline to March 22, 2017 (Doc. 34).

On March 22, 2017, plaintiffs filed a motion for summary judgment (Doc. 34). On May 4, 2017, the Court granted plaintiffs motion for summary judgment and allowed plaintiffs up to and including May 24, 2017 to file a motion for attorneys' fees (Doc. 35). Defendant did not respond to the motion for summary judgment. Plaintiffs filed its motions for attorney fees and costs (Doc. 36) and on June 20, 2017, the Court granted the motion for attorney fees (Doc. 37). Again, defendant did not respond to the motion for attorney fees and costs. The next day, the Clerk of the Court entered judgment (Doc. 38). Finally, on December 29, 2017, defendant filed the motion to vacate (Doc. 42). On January 2, 2018, the Court entered an Order noting that the Clerk's office admitted to making the mistake regarding the wrong email address for Mr. Dowling and directed plaintiffs

to file a response to the motion on or before January 9, 2018 (Doc. 43). Plaintiffs filed its opposition (Doc. 44). As the matter is ripe, the Court turns to address the merits of the motion.

## Analysis

Rule 60(b)(1) of the Federal Rules of Civil Procedure provides, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for … mistake, inadvertence, surprise, or excusable neglect…." Fed. R. Civ. P. 60(b)(1). "[T]here is not a "hard and fast" rule in this circuit which bars a trial judge from exercising discretion to determine whether attorney negligence in missing a filing deadline may be deemed "excusable neglect." *Robb v. Norfolk & W. Ry. Co.*, 122 F.3d 354, 361 (7th Cir. 1997). Accordingly, "trial judges are vested with discretion when determining whether an attorney's neglect in missing a deadline is "excusable" for purposes of Rule 60(b)(1)." *Id.* at 363. 'Excusable neglect' can include omissions through carelessness and mistake." *Robb*, 122 F.3d at 357. "The determination of what sorts of neglect will be considered 'excusable' is an equitable one, taking account of all relevant circumstances." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 381 (1993). These circumstances include "the danger of prejudice to the [defendant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395.

Defendant moves to vacate the Judgment, Order granting plaintiffs' motion for attorney fees and costs and Order granting plaintiffs' summary judgment motion because the failure to receive notices of the filing of the pleadings was a result of an incorrect email address being inputted by the Clerk's Office into the CM/ECF system after a notice of change of email address was provided. Defendant contends that this constitutes good cause basis as relief from the Orders and Judgment. Plaintiffs oppose the motion arguing that defendant has not identified any "exceptional circumstances" to justify the "extraordinary remedy" of vacating the judgment and orders. Specifically, plaintiffs maintain:

> Plaintiffs empathize with Defendant's situation. However, the Seventh Circuit clearly states that all parties, even pro se parties, have a duty to monitor the docket, and the docket is available 24/7 through the PACER system. … Plaintiffs contend there were multiple times the Defendant should have been on notice that the CM/ECF system was not alerting defendant of the motions and notices before Plaintiffs filed its motion for summary judgment. Additionally, Defendant was aware that Plaintiffs intended to file a motion for summary judgment given Plaintiffs contacted Defendant concerning whether Defendant objected to an extension of the deadline. Lastly, the docket is available to on PACER at any time to check the status of a case in federal court.

(Doc. 44, p. 4).

Here, pursuant to Rule 60(b)(1), the Court finds that based on the circumstances of this case that relief is warranted as the Clerk's Office admitted that it incorrectly inputted Mr. Dowling's new email address after the Court granted the motion to substitute attorney. The Court rejects plaintiffs' argument that defendant should have known about the motions based on the interaction between the attorneys as it is equally true that plaintiffs' counsel would have known that the

summary judgment motion was being contested by the defendant and that it made no sense for defense counsel to concede the motion for summary judgment. Further, even though defense counsel could have found the error regarding the wrong email address (and perhaps plaintiffs' counsel too), the Court finds that the greater culpability appears to be on the Clerk's office upon whom defense counsel relied to send him the notices in a timely manner. Moreover, the record reflects that defense counsel did make an attempt with the Clerk's Office to make sure that it had the correct information regarding Mr. Dowling's new information. Thus, under the facts of this case, the Court finds relief pursuant to Rule 60(b)(1) is proper.

## Conclusion

Accordingly, the Court **GRANTS** the motion to vacate (Doc. 42). The Court **VACATES** the June 21, 2017 Judgment (Doc. 38); the June 20, 2017 Order granting the plaintiffs' motion for attorney fees and costs (Doc. 37) and the May 4, 2017 Order granting plaintiffs' motion for summary judgment (Doc. 35). The Court **DIRECTS** the parties to contact Magistrate Judge Wilkerson's chambers to establish a new scheduling and discovery order and to conduct a settlement conference, if beneficial.

**IT IS SO ORDERED.**

Judge Herndon
2018.01.11
06:58:04 -06'00'

**United States District Judge**